# No. 22-80147

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

CHASOM BROWN, ET AL.,

*Plaintiffs-Petitioners,*

v.

GOOGLE, LLC,

*Defendant-Respondent.*

*On Appeal From The United States District Court*
*For The Northern District of California*
*Hon. Yvonne-Gonzales-Rogers*
*No. 4:20-cv-03664-YGR*

## DEFENDANT-RESPONDENT GOOGLE, LLC'S RESPONSE TO PLAINTIFFS-PETITIONERS' RULE 23(F) PETITION

Andrew H. Schapiro
QUINN EMANUEL, URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Stephen A. Broome
Viola Trebicka
QUINN EMANUEL, URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-30003
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant-Respondent*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Respondent Google LLC, by its undersigned counsel, states as follows:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded Company holds more than 10% of Alphabet Inc.'s stock.

# **TABLE OF CONTENTS**

**Page**

QUESTION PRESENTED ...................................................................1

PRELIMINARY STATEMENT ..........................................................1

STATEMENT OF FACTS ..................................................................5

STANDARD FOR RULE 23(F) PETITIONS .......................................8

ARGUMENT .....................................................................................8

I.    IT IS UNDISPUTED THAT THE DISTRICT COURT'S PARTIAL DENIAL OF CLASS CERTIFICATION IS NEITHER A "DEATH KNELL" NOR PRESENTS AN "UNSETTLED AND FUNDAMENTAL ISSUE OF LAW"............................................8

II.   PLAINTIFFS FAIL TO SHOW THAT THE DISTRICT COURT'S PARTIAL DENIAL OF CLASS CERTIFICATION WAS MANIFESTLY ERRONEOUS ......................................................9

    A.    It Was Not Manifest Error for the District Court To Reject Plaintiffs' Erroneous Argument that Google Waived its Implied Consent Defense by Purportedly Agreeing to an 'Explicit Consent' Standard ...............................................10

    B.    It Was Not Manifest Error for the District Court To Hold that Implied Consent Is a Defense to All of Plaintiffs' Claims ................13

        1.    Plaintiffs' Petition Rests on an Erroneous Argument Raised for the First Time on Appeal.........................13

        2.    The District Court Correctly Held that Undisputed Evidence Barred Certification of a Damages Class for Breach of Contract ................................................14

    C.    It Was Not Manifest Error for the District Court To Reject Plaintiffs' Untimely Argument that Google Cannot Prove Implied Consent ...............................................18

    D.    The Petition Should Be Denied Because Interlocutory Review Would Result in Judicial Inefficiencies .............................20

CONCLUSION .................................................................................20

CERTIFICATE OF SERVICE ...........................................................23

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Block v. eBay*,
  747 F.3d 1135 (9th Cir. 2014) ....................................................12

*Calhoun v. Google LLC*,
  526 F. Supp. 3d 605 (N.D. Cal. 2021) ................................. 12, 15

*Chamberlan v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) ....................... 1, 2, 3, 4, 8, 10, 11, 19

*Gillis v. Respond Power, LLC*,
  677 F. App'x 752 (3d Cir. 2017) .................................................18

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ......................................................13

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  672 F.3d 482 (7th Cir. 2012) ....................................................4, 5

*Momox-Caselis v. Donohue*,
  987 F.3d 835 (9th Cir. 2021) ......................................................14

*Old Repub. Ins. Co. v. FSR Brokerage, Inc.*,
  80 Cal. App. 4th 666 (2000) .......................................................16

*Smilow v. Southwestern Bell Mobile Systems, Inc.*,
  323 F.3d 32 (1st Cir. 2003) .........................................................18

*Smith v. Marsh*,
  194 F.3d 1045 (9th Cir. 1999) .....................................................14

*True Health Chiropractic v. McKesson Corporation*,
  896 F.3d 923 (9th Cir. 2018) ................................................. 15, 17

*Zamani v. Carnes*,
  491 F.3d 990 (9th Cir. 2007) ......................................................19

### STATUTORY AUTHORITIES

Cal. Civ. Code § 3515 ............................................................. 15, 17

## <u>RULES AND REGULATIONS</u>

Fed. R. Civ. P. 23 ......................................................... 1, 2, 3, 10

Fed. R. Civ. P. 23(a) ...........................................................18

Fed. R. Civ. P. 23(b)(2) ................................................. 1, 6, 8

Fed. R. Civ. P. 23(b)(3) .................................... 1, 2, 4, 5, 6, 7, 17

Fed. R. Civ. P. 23(c)(4) .........................................................4

Fed. R. Civ. P. 23(f) ................................................. 1, 2, 8, 9, 10, 20

## <u>ADDITIONAL AUTHORITIES</u>

Restatement (Second) of Contracts § 211 ...............................................16

## **QUESTION PRESENTED**

Whether this Court should deny permission to appeal the district court's class certification order (the "Order") under Federal Rule of Civil Procedure 23(f) where (1) the district court *certified* both of Plaintiffs-Petitioners' ("Plaintiffs") proposed classes under Rule 23(b)(2) on all seven of Plaintiffs' claims, and (2) Plaintiffs fail to show that the decision denying certification under Rule 23(b)(3) "applie[d] an incorrect Rule 23 standard or ignore[d] a directly controlling case," such that the decision is "manifestly erroneous," *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005)—the only ground on which they base their Petition.

## **PRELIMINARY STATEMENT**

Plaintiffs' Petition demonstrates that interlocutory review of the Order under Rule 23(f) is not warranted. Tellingly, they do not even invoke two of the three grounds for interlocutory review, namely that the Order presents a "death knell" for their case or that the Petition raises "unsettled and fundamental issues of law relating to class actions" that are "likely to evade end-of-the-case review." *Id.* at 959. Nor could they. Far from ending the case, the district court *certified* both of Plaintiffs' two proposed classes on all seven of their claims under Rule 23(b)(2).[1] And rather than identifying any novel legal issues of general applicability, Plaintiffs concede

---

[1] Google disagrees that there is any basis for interlocutory review of the district court's class certification decision, but reserves its right to appeal that decision after final judgment.

1

that the petition raises (at most) questions intertwined with the facts of this case—namely, whether certain language in Google's Privacy Policy forecloses its ability to mount an implied consent defense. *See* Pet. 1.

Plaintiffs' *only* asserted justification for a Rule 23(f) appeal is "manifest error," a high bar that this Court has explained allows review "only when the certification decision is . . . *virtually certain to be reversed* on appeal from the final judgment," typically because the district court "applies an incorrect Rule 23 standard or ignores a directly controlling case." *Chamberlan*, 402 F.3d at 962 (emphasis added). Plaintiffs identify no such manifest error here. Instead, their Petition challenges only the district court's fact-bound determination that individualized inquiries into putative class members' consent to the challenged conduct would predominate over issues common to the class, precluding certification of a damages class under Rule 23(b)(3). Each of Plaintiffs' arguments that the decision below was "manifestly erroneous" fails:

*First*, Plaintiffs' bare assertion that Google "expressly agreed to an 'explicit consent' standard" is based on a blatant mischaracterization of both Google's agreements with users and the nature of Google's alleged conduct. That the Court rejected Plaintiffs' inaccurate claims is not abuse of discretion, much less manifest error.

*Second*, Plaintiffs' argument that "implied consent is not a defense to breach of contract" misses the mark. Plaintiffs never raised this argument before the district court; instead, they acknowledged that implied consent *is* a defense to breach-of-contract claims and argued only that Google failed to meet the standard. This Court does not consider arguments raised for the first time on appeal and should reject Plaintiffs' argument for that reason alone. In any event, Plaintiffs do not dispute that waiver—a substantially equivalent doctrine that requires equally individualized inquiries—is a defense to breach-of-contract claims. The district court understood the umbrella term "implied consent" to subsume waiver and other equivalent defenses for each claim, and correctly found that Google proffered ample evidence that these defenses would be viable as to millions of class members.

*Third*, Plaintiffs' argument that implied consent is not available as a defense because class members "had no way to stop Google" from engaging in the challenged conduct is a transparent attempt to make new law on an interlocutory appeal, and a far cry from showing that the district court "applie[d] an incorrect Rule 23 standard or ignore[d] a directly controlling case." *Id.* at 962. Even more, Plaintiffs are wrong on the facts: the voluminous evidentiary record demonstrated that users (including some of the named Plaintiffs, *see* Dkt. 659-3 at 11–12) *can and do* apply privacy features that further limit data collection even beyond the protections

3

afforded by the browser modes at issue—and that many who do not implement such features are perfectly amenable to the collection.

*Finally*, interlocutory appeal would be particularly inefficient in light of the numerous additional claim-specific barriers to establishing predominance that Google raised below. The district court did not need to reach those arguments in its Order, but would have to resolve them if Plaintiffs' Petition and subsequent appeal were successful—doubtless leading to further interlocutory proceedings before this Court. Rather than conduct serial interlocutory reviews, the Court should deny Plaintiffs' Petition and address all of the parties' respective challenges after final judgment. In the meantime, all of Plaintiffs' causes of action will still proceed on a classwide basis.

In short, Plaintiffs are attempting to relitigate complex merits issues that the district court decided on an extensive, technical, and nuanced record. The Petition does not establish a manifest error that is "easily ascertainable from the petition itself." *Chamberlan*, 402 F.3d at 959. Rather, consideration of the Petition would necessarily "devolve into" precisely the "time consuming consideration of the merits" this Court seeks to avoid. *Id*. The Petition should be denied.[2]

---

[2] In a footnote, Plaintiffs half-heartedly ask to appeal the implicit denial of an issues class under Rule 23(c)(4). Pet. 2–3 n.1. But their request to seek certification of issues classes on "the appropriate measure of damages" and "the aggregate amount of damages," is merely an attempted end-run around the predominance inquiry in Rule 23(b)(3). Plaintiffs' reliance on *McReynolds v. Merrill Lynch, Pierce, Fenner*

## STATEMENT OF FACTS

Plaintiffs allege Google deceived putative class members about data that it receives when users in private browsing modes ("PBM") interact with websites that have installed Google's ad-serving and analytics services. It is undisputed that, in modes other than PBM, the fact that Google receives the data at issue to provide its services is "common knowledge," and that each Plaintiff expressly consented to that collection. Dkt. 395-2 at ¶ 163; Dkt. 659-3 at 3–4 n.7.[3] Plaintiffs postulate that class members believed using PBM would not merely anonymize the data and prevent it from being linked to a user's Google account or device (which it does), but would instead prevent any data transmissions to Google altogether. They further contend that Google's receipt of *any* data while in PBM—even if not associated with their identities or devices—is inconsistent with Google's disclosures, and falls outside the scope of their express consent.

Plaintiffs initially brought five causes of action based on these allegations: (1) violation of the Federal Wiretap Act, (2) violation of the California Invasion of

---

& *Smith, Inc.*, 672 F.3d 482 (7th Cir. 2012)—the only decision they cite—is misplaced. *McReynolds* had nothing to do with damages: the common issue was "whether the defendant has engaged in . . . violation[s] of federal antidiscrimination law," and the plaintiffs had expressly declined to seek certification of a damages class under Rule 23(b)(3). *Id.* at 483. Even more fundamentally, the district court in *McReynolds*, unlike here, had denied class certification entirely. *Id.* at 484.

[3] Docket citations in this response refer to filings in *Brown, et al. v. Google LLC*, No. 4:20-cv-03664-YGR (N.D. Cal.).

Privacy Act, (3) violation of the Comprehensive Computer Data Access and Fraud Act, (4) invasion of privacy, and (5) intrusion upon seclusion. Dkt. 68 at 57–67. In April 2021, Plaintiffs amended their complaint to add two more causes of action based on the same conduct: (6) breach of contract and (7) violation of California's Unfair Competition Law. Dkt. 136-1 at 69–71. Following nearly two years of extensive discovery, Plaintiffs moved to certify two proposed classes for each of their seven claims under both Rule 23(b)(2) and Rule 23(b)(3).

Google opposed Plaintiffs' motion by showing, *inter alia*, that even if express consent can be resolved on a classwide basis, implied consent and equivalent defenses cannot. Google pointed to ample evidence in the record supporting its implied consent defense, including: (1) numerous Google disclosures and third-party sources (including widespread media coverage in popular periodicals) that notified class members of the limitations on the privacy provided by PBM; (2) a feature in Chrome and other browsers that shows users the challenged data collection in real-time (including while they are in PBM); and (3) surveys by *both* parties' experts that confirmed millions of class members were aware of and consented to the data collection. Indeed, Plaintiffs' *own* expert found that only "20.2% [of respondents] indicated a belief that they had *not* given consent to Google to collect and save" the data at issue. Order 30 (emphasis added) (citing Dkt. 608-10 ¶ 187). Google also provided numerous additional reasons—beyond implied consent—why resolution

of each specific cause of action would require individual inquiries that would predominate over questions common to the class.

The district court granted in part and denied in part Plaintiffs' motion. The Order certified both of Plaintiffs' classes to seek injunctive relief on all seven of their causes of action. But it denied Plaintiffs' request to certify a damages class under Rule 23(b)(3), rightly concluding that individualized issues would predominate over questions common to the class. In particular, the district court observed that "consent remains the central disputed issue in this case"—one that "both sides have heavily litigated . . . at every stage of this litigation"—and that if a class were certified, "[i]dentifying what members impliedly consented to the alleged conduct, and what members did not, would undoubtedly drive the litigation." Order 32.

## STANDARD FOR RULE 23(F) PETITIONS

Interlocutory review of a district court's class certification decision is "intended . . . to be the exception rather than the rule," and thus "petitions for Rule 23(f) review should be granted sparingly." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). This Court has explained that granting a 23(f) petition is most appropriate in the "rare cases" when (1) "there is a death-knell situation . . . , coupled with a class certification decision by the district court that is questionable;" (2) the "decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review;" or (3) the decision is "manifestly erroneous." *Id.*

## ARGUMENT

### I. IT IS UNDISPUTED THAT THE DISTRICT COURT'S PARTIAL DENIAL OF CLASS CERTIFICATION IS NEITHER A "DEATH KNELL" NOR PRESENTS AN "UNSETTLED AND FUNDAMENTAL ISSUE OF LAW"

It is undisputed that the Order does not sound the "death knell" for Plaintiffs' case. *See Chamberlan*, 402 F.3d at 959. To the contrary, the district court certified *both* of Plaintiffs' proposed classes to pursue injunctive relief on *all seven* of their causes of action pursuant to Rule 23(b)(2). Plaintiffs will therefore have the opportunity to test each of their liability theories at summary judgment and, if viable, at trial.

Nor do Plaintiffs claim that their Petition presents an "unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review." *Id.* Plaintiffs argue only that the district court ruled erroneously on the viability of Google's fact-bound implied consent defense. That question is neither a "fundamental issue of law relating to class actions . . . generally," nor likely to escape review at the end of the case—at which point this Court can also hear any appeals from the district court's final judgment as to Google's liability.

Indeed, it will be far more efficient for this Court to review the Order *after* the district court has entered such judgment. After all, Google's entitlement to mount an implied consent defense against Plaintiffs' claims—the sole question Plaintiffs' Petition raises—is relevant only insofar as Plaintiffs' claims are otherwise meritorious. To the extent they are not (as Google intends to demonstrate at summary judgment), interlocutory review on Google's implied consent defense alone is a needless expenditure of judicial and party resources.

## II. PLAINTIFFS FAIL TO SHOW THAT THE DISTRICT COURT'S PARTIAL DENIAL OF CLASS CERTIFICATION WAS MANIFESTLY ERRONEOUS

Unable to argue that the district court's decision threatens the survival of their case or presents an unsettled legal issue likely to evade review, Plaintiffs are left with only their assertion that the district court's decision was "manifestly erroneous."

9

Pet. 1. Plaintiffs cannot meet that high bar. To warrant interlocutory review, "an error must be truly 'manifest,' meaning easily ascertainable from the petition itself." *Chamberlan*, 402 F.3d at 959. If "consideration of the petition" will instead "devolve into a time consuming consideration of the merits," the question should be left to review after final judgment. *Id.*

This Court generally exercises its discretion to grant Rule 23(f) review "only when the certification decision is . . . virtually certain to be reversed on appeal from the final judgment," either because "the district court applies an incorrect Rule 23 standard or ignores a directly controlling case." *Id.* at 962. Neither ground forms the basis of the Petition, which instead relies on the district court's resolution of "complex facts that are [not] on all fours with existing precedent." *Id.* For the reasons set forth below, each of Plaintiffs' purported rationales for finding manifest error fails.

**A.    It Was Not Manifest Error for the District Court To Reject Plaintiffs' Erroneous Argument that Google Waived its Implied Consent Defense by Purportedly Agreeing to an 'Explicit Consent' Standard**

Plaintiffs inexplicably assert that the district court "entirely ignor[ed]" their argument that the Privacy Policy's reference to "explicit consent" waived Google's ability to assert an implied consent defense. But the court did not "ignore" Plaintiffs' waiver argument; it considered and rejected it. Order 31. Indeed, Plaintiffs concede, as they must, that the district court "*acknowledged* Plaintiffs' argument that 'Google

waived any implied consent defense.'" Pet. 4 (emphasis added). The court also vetted both parties' positions on Plaintiffs' waiver theory at oral argument. *See, e.g.*, Oct. 11, 2022 Hr'g Tr. 6:19–12:6, 20:11–22:3.

At bottom, Plaintiffs' contention that the district court committed "manifest error" amounts to nothing more than a disagreement over how that court resolved a contested issue. *See Chamberlan*, 402 F.3d 959 ("bare assertions of error will not suffice"). Plaintiffs' (erroneous) assertion that Google waived the right to an implied consent defense is rooted in their misleading claim that the "form contract used by Google throughout the class period" promised that Google "will not reduce your rights under this Privacy Policy without your explicit consent." Plaintiffs present their interpretation as an unassailable fact, but the district court was right to reject it.

*First*, the alleged "form contract" that Plaintiffs allege governs their relationship with Google is Google's Terms of Service, which neither includes an "explicit consent" provision nor waives Google's right to an implied consent defense. *See* Dkt. 395-2 at ¶ 268. The "explicit consent" language Plaintiffs tout appears only in Google's Privacy Policy, which merely states that Google "will not reduce your rights *under this Privacy Policy*" without explicit consent. That provision plainly is not a general waiver of Google's right to assert an implied consent defense, particularly where, as here, Plaintiffs failed to show that Google "reduced" any of

their rights under the Privacy Policy.[4] The district court did not abuse its discretion, much less commit "manifest error," by rejecting Plaintiffs' erroneous interpretation of Google's agreements and disclosures.

*Second*, even if the Privacy Policy means what Plaintiffs claim (it does not), the purported "promise" in the Privacy Policy to which Plaintiffs point did not appear in that document for the majority of the class period, and Google *expressly excluded* the Privacy Policy from its Terms of Service months before Plaintiffs filed suit. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 615 (2021) ("As of March 31, 2020, Google's Terms of Service explicitly excluded Google's Privacy Policy."). Stated plainly, for most of the class period, Plaintiffs' breach-of-contract claim is based on other agreements and disclosures that make no mention of "explicit consent." Even if Plaintiffs could show that Google acted inconsistently with those documents (they cannot), they would still need to contend with Google's implied

---

[4] Indeed, the Privacy Policy did not even *mention* private browsing until two years into the class period, at which point Google merely added general language in an introductory paragraph that users can "manage [their] privacy" in "a variety of ways" including "brows[ing] the web privately using Chrome in Incognito mode." Dkt. 659-3 at 8. Even if that vague statement could be considered a contractual promise— and it cannot, *see Block v. eBay*, 747 F.3d 1135, 1138–39 (9th Cir. 2014) (holding that general descriptions of defendants' services do not create legally enforceable rights)—Plaintiffs' experts conceded that private browsing functionality *does* provide privacy. Dkt. 659-3 at 7. Plaintiffs' disappointment that PBM do not provide the full extent of data blocking they allegedly expected does not give rise to a claim for breach of the Privacy Policy. The district court correctly rejected Plaintiffs' argument that the Privacy Policy forecloses Google's ability to mount an implied consent or waiver defense, and there is no basis to revisit that determination now.

consent defense—and the individualized inquiries it requires—regardless of the language in the Privacy Policy on which they rely.

### B.   It Was Not Manifest Error for the District Court To Hold that Implied Consent Is a Defense to All of Plaintiffs' Claims

#### 1.   Plaintiffs' Petition Rests on an Erroneous Argument Raised for the First Time on Appeal

Plaintiffs argue that the Order is manifestly erroneous because "implied consent is not a defense to breach of contract," and the district court was "led astray by Google's argument" that implied consent could defeat all seven of Plaintiffs' claims. Pet. 9. But Plaintiffs never raised this argument in the district court.[5] To the contrary, their class certification briefing clearly acknowledged that implied consent *is* a defense to breach-of-contract claims—under the substantially equivalent doctrine of waiver.[6] *See* Dkt. 712-1 (Plaintiffs' Reply) at 3 ("The 'implied consent'

---

[5] Nor did Plaintiff raise below their new argument (raised only in a footnote) that implied consent is not a defense to their CDAFA, intrusion upon seclusion, and invasion of privacy claims. Pet. 9 n.7. In any event, the district court correctly found that consent (whether express or implied) is a defense to each of these claims. Indeed, Plaintiffs admit that CDAFA requires Plaintiffs to prove that Google collected data without "permission," but Google clearly had permission if class members consented. And intrusion upon seclusion and invasion of privacy require proof that class members had an actual expectation of privacy, which consenting class members did not. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).

[6] The record is clear that for purposes of Google's defense, the umbrella term "implied consent" includes the waiver doctrine. *See, e.g.*, Oct. 11, 2022 Hr'g Tr. 21:23–22:2 ("This is a question about whether, with regard to the contract claim, Google breached the contract or did not, and one question that is relevant to that is whether plaintiffs impliedly consented or waived their claims by using the service

defense requires Google to show . . . that Class members intentionally relinquished th[eir] rights after full knowledge of the facts" (cleaned up)). It is well established that this Court generally will not consider an argument raised for the first time on appeal. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). That principle is even more appropriate where the offering party actively contradicted its appellate argument in the record below.

### 2. The District Court Correctly Held that Undisputed Evidence Barred Certification of a Damages Class for Breach of Contract

Even if the Court were to consider Plaintiffs' newly asserted argument, it still would fail because the district court's decision was not manifestly erroneous.

The Order detailed that Google presented ample evidence—including relevant disclosures, browser tools permitting users to view the challenged data transmissions in real time, survey results from both parties' experts, and a plethora of articles in widely read periodicals—demonstrating that millions of putative class members understood the disputed data collection when they chose to use Google's services

---

with full knowledge of what it does . . . ."); *id.* at 93:24–94:2 ("You would have implied consent, or if you don't want to call it implied consent, waiver for some significant portion of the class."). Plaintiffs used the term "implied consent" in the same way. Dkt. 712-1 at 3.

and agreed to it.[7] Under California law, "he who consents to an act is not wronged by it," Cal. Civ. Code § 3515, and Google would be entitled to defend itself at trial by arguing that individuals who knowingly accepted the challenged data collection were not harmed by any purported breach and are not entitled to any damages.

This general principle is no less true for breach-of-contract claims than for Plaintiffs' other causes of action.[8] As Plaintiffs recognized below, a claim for breach of contract cannot lie where a plaintiff's actions were "inconsistent with an intent to enforce" a purported contractual right "after full knowledge of the facts."[9] Rep. 3 (quoting *Old Repub. Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal. App. 4th 666, 678

---

[7] Plaintiffs argue that this evidence is "not like what existed in" *True Health Chiropractic v. McKesson Corporation*, 896 F.3d 923 (9th Cir. 2018), which held that individualized questions of consent predominated over classwide issues. Pet. 8 (internal quotation marks omitted). But "[a] defendant can produce evidence of a predominance-defeating consent defense in a variety of ways." *True Health*, 896 F.3d at 931–32. As the Order explained, even though "the nature of the evidence in *True Health* slightly differs from the evidence in this case . . . . Google's evidence, like the evidence in *True Health*, establishes that individual and subjective interactions require individualized inquiries into the consent defense." Order 32 n.12.

[8] Plaintiffs fault the district court for citing to Judge Koh's earlier ruling that consent (whether express or implied) is a defense to all of Plaintiffs' claims, because that decision issued before Plaintiffs added their breach of contract claim. Pet. 9. But in so doing, Plaintiffs ignore that Judge Koh's parallel ruling in the related *Calhoun* matter expressly held that "[c]onsent is also a defense to Plaintiffs' breach of contract and good faith and fair dealing claims because if Plaintiffs consented to the alleged data collection, Google would not have breached its contract with Plaintiffs by engaging in the alleged data collection." *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 n.3 (N.D. Cal. 2021).

[9] "The waiver may be either express . . . or implied, based on conduct indicating an intent to relinquish the right." *Old Repub. Ins. Co.*, 80 Cal. 4th at 678.

(2000)); s*ee also* Pet. 7 (citing Judicial Council of Cal. Civil Jury Instructions 330–38 (2022), designating "waiver" as an affirmative defense to breach of contract). This fact-based determination turns on precisely the evidence the district court emphasized in its Order. *See* Order 32 ("Google provides evidence that its consent defense would be based on individual, and subjective, interactions of what certain class members knew, read, saw, or encountered.").

Plaintiffs' reliance on the principle that "form contracts are interpreted wherever reasonable as treating alike all those similarly situated, without regard to their knowledge or understanding of the standard terms of the writing," Pet. 10, is misplaced. The presumption that form contracts treat similarly situated parties alike applies only to the *interpretation* of such contracts. *See* Restatement (Second) of Contracts § 211(2). It does not—and self-evidently *cannot*—extend to the question whether individual contracting parties consented to, or waived the right to challenge, particular conduct. Nor does it extend to the question whether a contracting party was harmed and suffered damages by a purported breach.

These questions are the core of the inquiry here. Google's implied consent defense does not challenge Plaintiffs' contractual interpretation, baseless as it is. Rather, Google argues that class members who chose to use PBM with full awareness and acceptance of the data collection cannot establish liability or damages because they have *not been harmed,* waived the purported contractual rights, or both.

16

*See* Cal. Civ. Code § 3515. The district court was thus correct to find that "the inquiry into implied consent that Google advances, and [for] which it also presents evidence, creates individualized issues that defeat predominance" for Plaintiffs' proposed damages class. Order 32.

The district court was likewise correct to treat as instructive this Court's decision in *True Health Chiropractic, Inc. v. McKesson Corporation*, which held that a consent defense that could not be resolved without individualized inquiries precluded certification under Rule 23(b)(3). 896 F.3d at 931–32. Plaintiffs protest that the district court ignored "the portion of *True Health* directly on point here," in which the Court found predominance satisfied where the question of (express) consent turned on interpretation of written agreements. But, again, that is not Google's argument. *See id.* at 932. Google does not argue that predominance is defeated in light of class members' varying subjective interpretations of Google's alleged "form contract." Rather, predominance is defeated because the record conclusively establishes that millions of users were notified of and agreed to the data collection via other Google disclosures and third-party sources. Thus, Plaintiffs' argument that the district court failed to "correctly apply Ninth Circuit precedent" falls flat.

For the same reason, Plaintiffs' purportedly "analogous" out-of-circuit decisions vacating the denial of class certification (at Pet. 10–11) are not analogous

at all. *Gillis v. Respond Power, LLC* concerned whether class members' differing "subjective understanding . . . about the meaning of ambiguous contract language" defeated commonality under Rule 23(a), 677 F. App'x 752, 755–56 (3d Cir. 2017)— a question that is not at issue here. *See* Order 25.[10] Similarly, *Smilow v. Southwestern Bell Mobile Systems, Inc.* held that "common issues of law and fact predominate[d]" in that action because "[t]he case turns on *interpretation of the form contract*." 323 F.3d 32, 42 (1st Cir. 2003) (emphasis added). Here, by contrast, even accepting Plaintiffs' interpretation of the contract, "*consent* remains the central disputed issue." Ord. 32 (emphasis added). Because Plaintiffs fail to show the district court's on-the-ground assessment of the issues that will predominate—based on its thorough review of the voluminous factual record—was a manifest error of law, the petition should be denied.

### C. It Was Not Manifest Error for the District Court To Reject Plaintiffs' Untimely Argument that Google Cannot Prove Implied Consent

Plaintiffs' final basis for review is also meritless. Losing all sight of the "manifest error" standard, Plaintiffs ask the Court to declare a brand new legal principle—that "implied consent is . . . unavailable [where] class members have no actual choice"—and then invite the Court to dive into the record to apply that novel

---

[10] Moreover, *Gillis* is not binding even within its own circuit, much less in this one. 677 F. App'x at 753 n.* ("This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.").

precept to the facts of this case. Pet. 12. The Court should decline Plaintiffs' invitation to let "consideration of the petition devolve into a time consuming consideration of the merits." *Chamberlan*, 402 F.3d at 959.

As an initial matter, Plaintiffs first raised this argument only on reply below, citing no authority. Dkt 712-1 at 7. "The district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), and declining to do so here was far from an abuse of discretion, much less manifest error. Indeed, the purportedly contrary authority Plaintiffs cite in their Petition—an Eleventh Circuit opinion cautioning that consent should not be implied "cavalierly" and a criminal appeal reaffirming that proving consent requires evidence of agreement—only confirm that the district court did not "ignore[] a directly controlling case." *Chamberlan*, 402 F.3d at 962.

In any event, Plaintiffs' assertion that users have no choice but to transmit data to Google is soundly belied by the record. Plaintiffs' own experts conceded that users can and do employ numerous privacy features to further restrict the information transmitted to Google and other web service providers when using private browsing modes. Dkt. 659-3 at 11–12. Indeed, Plaintiffs excluded Firefox users from both of their classes precisely because it provides different privacy features and protections than other browsers. The district court committed no error.

### D. The Petition Should Be Denied Because Interlocutory Review Would Result in Judicial Inefficiencies

There is an additional reason that this case is unsuited to Rule 23(f) review. In addition to implied consent, Google raised numerous other claim-specific arguments that defeat predominance for each of Plaintiffs' claims that the district court did not reach, because it did not need to. *See* Dkt. 659-3 at 16–21. Thus, even if the Court were to grant the Petition and resolve the appeal in Plaintiffs' favor, the district court would then need to address Google's other predominance arguments, and one party or the other is likely to be back before this Court seeking Rule 23(f) review yet again. The more efficient approach—particularly here, where the case is proceeding as a class action on all claims—is to resolve any appeal of class certification issues after final judgment.

### CONCLUSION

For the foregoing reasons, the Court should deny the Petition for interlocutory review of the district court's Order granting in part and denying in part Plaintiffs' motion for class certification.

Dated:  January 3, 2023       Respectfully submitted,

/s/ Andrew H Schapiro
Andrew H. Schapiro
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

Stephen A. Broome
Viola Trebicka
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the requirements of Ninth Circuit Rule 5-2(b). The total word count of this document is 4,947 words, excluding the items exempted by FRAP 32(f). The type size is 14-point and the typeface is Times New Roman, in compliance with FRAP 32(a)(5) and (6), respectively.


Dated: January 3, 2023                          */s/ Andrew H. Schapiro*

                                                Andrew H. Schapiro

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew H. Schapiro, hereby certify that on January 3, 2023, I electronically filed the foregoing "Response to Plaintiffs-Petitioners' Rule 23(f) Petition" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that I served the foregoing on this date by email to the following unregistered case participants:

Mark Mao
Erika Nyborg-Burch
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
415-293-6800
mmao@bsfllp.com
enyborg-burch@bsfllp.com

James Lee
Rossana Baeza
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131
305-539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Bill Carmody
Shawn J. Rabin
Steven M. Shepard
Alexander Frawley
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019

212-336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Ryan J. McGee
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
813-223-5505
rmcgee@forthepeople.com

Michael F. Ram
MORGAN & MORGAN
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
415-358-6913
mram@forthepeople.com

*Attorneys for Plaintiffs-Petitioners*

/s/ Andrew H. Schapiro