# No. 22-80147

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

CHASOM BROWN, ET AL.

*Plaintiffs-Petitioners,*

v.

GOOGLE, LLC,

*Defendant-Respondent.*

―――――――――――

*Petition for Review of Order Granting in Part and Denying in Part Certification of Class from the United States District Court for the Northern District of California,*

Docket No. 4:20-cv-03664-YGR, The Honorable Yvonne Gonzalez Rogers

## REPLY BRIEF IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO RULE 23(F)

| | |
|---|---|
| David Boies<br>333 Main Street<br>Armonk, NY 10504<br>914-749-8200<br>dboies@bsfllp.com | Bill Carmody<br>1301 Avenue of the Americas, 32nd Fl.<br>New York, NY 10019<br>212-336-8330<br>bcarmody@susmangodfrey.com<br>SUSMAN GODFREY L.L.P. |
| Mark Mao<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>415-293-6800<br>mmao@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP | John A. Yanchunis<br>201 N. Franklin Street, 7th Fl.<br>Tampa, FL 33602<br>813-223-5505<br>MORGAN & MORGAN |

*Attorneys for Plaintiffs-Petitioners*

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................1

II. ARGUMENTS AND AUTHORITIES .................................................3

    A.    **The Form Contract's "Explicit Consent" Requirement Resolves Any Implied Consent Defense for All Claims on a Classwide Basis.** ...............................................................3

        1.    *Google's Contractual-Interpretation Focus Underscores How Implied Consent Can Be Resolved with Classwide Evidence.* ..........................................4

        2.    *Google's Arguments Contradict Prior Decisions from this Case and Blackletter Contract Law.* ....................5

    B.    **Google Tacitly Concedes that the Order Applied the Wrong Legal Standard to the Breach of Contract Claim.** ...............6

    C.    **The Order Also Erred by Assuming Implied Consent Is Available Where There Is No Way to Stop the Collection at Issue.** ...................................................................................8

    D.    **Other Considerations Warrant Interlocutory Review.** ...................9

III. CONCLUSION .....................................................................................10

**STATEMENT OF RELATED CASES** ...............................................................13

**CERTIFICATE OF COMPLIANCE** ...................................................................14

**CERTIFICATE OF SERVICE** ............................................................................15

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
 568 U.S. 455 (2013)......................................................................................1

*Chamberlan v. Ford Motor Co.*,
 402 F.3d 952 (9th Cir. 2005) ......................................................................2, 9

*Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*,
 957 F.3d 1038 (9th Cir. 2020) ......................................................................5

*Momox-Caselis v. Donohue*,
 987 F.3d 835 (9th Cir. 2021) ........................................................................3

*Old Republic Ins. Co. v. FSR Brokerage, Inc.*,
 80 Cal. App. 4th 666 (2000) .........................................................................6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
 31 F. 4th 651 (9th Cir. 2022) (en banc) ........................................................4

*Pulaski & Middleman, LLC v. Google, Inc.*,
 802 F.3d 979 (9th Cir. 2015) ................................................................2, 3, 7

*Stockwell v. City & Cnty. Of San Francisco*,
 749 F.3d 1107 (9th Cir. 2014) ......................................................................1

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011)......................................................................................4

*Watkins v. N. Berry & Co*,
 704 F.2d 577 (11th Cir. 1983) ......................................................................9

*Williams v. Apple,*
 338 F.R.D. 648 (N.D. Cal. 2021)..................................................................7

**Other Authorities**

13 Williston on Contracts (4th ed.).........................................................................7

## I. INTRODUCTION

Google does *not* dispute:

- The Google Privacy Policy was part of the form contract for most of the class period (June 2016 to March 2020).
- The Privacy Policy throughout the class period represented that Google would not reduce users' rights without their "explicit consent."
- If Plaintiffs' interpretation of that provision prevails, Google is barred from raising "implied consent."

Those concessions prove that Google's contractual commitment to "explicit consent" is a common issue that predominates as to Google's "implied consent" defense. "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013). Google's only response to the "explicit consent" provision is to raise brand new contract-interpretation arguments that read like a summary judgment brief. But those arguments (meritless as they are, as shown below) confirm that "implied consent" "is ***capable of classwide resolution***." *Stockwell v. City & Cnty. Of San Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014).[1]

In addition, by pivoting to new "waiver" arguments found nowhere in its brief below, Google tacitly concedes that implied consent is not a defense to breach of contract claims, which means reversal is warranted for at least that claim. The Order

---

[1] All emphases are added.

1

"was premised on a legal error" (the wrong legal standard), which is a "per se abuse of discretion." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015). That error was critical because waiver is a more demanding standard that Google cannot meet, including because Google would need to prove two waivers: one of the contractual promise not to collect private browsing information, and another of the "explicit consent" requirement. Google has not even tried to argue the latter was waived.

Google also concedes Plaintiffs' point that there is no way to prevent Google from collecting the at-issue data. Google identifies features that might "limit" collection but no feature that completely blocks that collection. There cannot be implied consent where, as here, there is no choice.

Finally, while Plaintiffs need only show that the Order was manifestly erroneous to warrant review, Google is wrong to suggest that the other *Chamberlan v. Ford Motor Co.*, criteria do not apply. 402 F.3d 952, 958 (9th Cir. 2005). The Order sounds the "death knell" for many users' damages claims who lack the means to individually litigate this case. And the Order implicates an "unsettled and fundamental issue of law relating to class actions." Even the district court recognized that, until now, no court has relied on "evidence proffered of some ***non*-party to a contract**" to "modify a contract between two parties." Oct. 11 Tr. 7:17-8:20. Yet, the Order did just that, and worse, did so where the contract required "explicit consent."

Google's attempts to defend this Order actually support (not undermine) Plaintiffs' petition. Reversal is inevitable, and there is no reason to wait.

2

## II. ARGUMENTS AND AUTHORITIES

### A. The Form Contract's "Explicit Consent" Requirement Resolves Any Implied Consent Defense for All Claims on a Classwide Basis.

Google throughout the class period committed to an "explicit consent" standard in its form contract, thus waiving any implied consent defense for all claims: "We [Google] will not reduce your rights under this Privacy Policy ***without your explicit consent***." Pet. at 5. Google does not contend that any class member waived this requirement.

The Order manifestly erred, as to all claims, by ignoring the "*explicit* consent" requirement and denying (b)(3) certification based on the possibility of *implied* consent. The Order vaguely acknowledged Plaintiffs' argument that Google waived any implied consent defense (at 31), but it did not cite this key provision and it moved on without analyzing Plaintiffs' argument—falling far short of the required "rigorous analysis." *Pulaski*, 802 F.3d at 985.

Grasping at straws, Google now raises a brand-new argument, suggesting that the "explicit consent" provision is not an actionable part of the form contract.[2] But Google's contract-interpretation focus proves that implied consent can be adjudicated on a classwide basis. Regardless, Google's arguments are meritless.

---

[2] This Court should not consider this new argument. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 848 (9th Cir. 2021).

3

1. *Google's Contractual-Interpretation Focus Underscores How Implied Consent Can Be Resolved with Classwide Evidence.*

At this stage, all that matters is whether an issue is "capable of classwide resolution." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F. 4th 651, 663 (9th Cir. 2022) (en banc). "[A] district court cannot decline certification merely because it considers plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed . . . ." *Id.* at 667. Instead, "if each class member could have relied on [the plaintiffs' evidence] to establish liability if he or she had brought an individual action, and the evidence could have sustained a reasonable jury finding on the merits of a common question, then a district court may conclude that the plaintiffs have carried their burden of satisfying the Rule 23(b)(3) requirements." *Id*. Here, each class member is entitled to argue that Google cannot reduce her rights without "explicit consent" and therefore any exposure to news articles is irrelevant. This alone demonstrates that Rule 23(b)(3) is satisfied.

Google's counterarguments about how to interpret the contract, which read like a summary judgment brief (Answer at 10-12), prove that Google's implied consent arguments can be resolved "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The meaning of Google's contractual commitment to "explicit consent" is common to all class members. Google elsewhere acknowledges that it may not oppose certification by "challeng[ing] Plaintiffs' contractual interpretation." Answer at 16. But that is exactly (and exclusively) what Google does in response to the "explicit consent" provision.

4

2. *Google's Arguments Contradict Prior Decisions from this Case and Blackletter Contract Law.*

Google's arguments also fail on the merits. The Google Privacy Policy (and its "explicit consent" requirement) has been part of the form contract for the entire class period. Google admits the Privacy Policy has contained the "explicit consent" requirement for the entire class period. Answer at 11. Google also admits the Privacy Policy was part of the contract through March 2020. *See* Dkt. 82 at 5. And the district court rejected Google's argument that the Terms of Service "excluded" the Privacy Policy after March 2020. Dkt 363 at 19; Answer at 12.

Contrary to Google's claim (at 11) the "explicit consent" requirement applies to every document in the Google form contract—not only rights granted by the Privacy Policy. The "most important[]" principle of contract interpretation is that the "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." *Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020). Yet, Google seeks to improperly "detach[] portions" of its form contract (i.e., the Privacy Policy) and consider the Privacy Policy in isolation. *Id.* That approach is legally invalid, and it especially makes no sense here, where the district court ruled that the Privacy Policy could be interpreted to incorporate other contractual documents that also contain promises about private browsing mode. Dkt. 363 at 15.

But reversal is warranted even under Google's best-case scenario, where (1) the Privacy Policy stopped being part of the form contract after March 2020, and (2) the "explicit consent" provision only applies to other promises in the Privacy Policy. Even then, Plaintiffs may rely on the "explicit consent" provision for at least

5

May 2018 through March 2020, when it is undisputed that both (A) the Privacy Policy was part of the Google form contract, and (B) the Privacy Policy included representations about private browsing mode. *See* Answer at 12 & n.4.

### B. Google Tacitly Concedes that the Order Applied the Wrong Legal Standard to the Breach of Contract Claim.

By focusing on waiver instead of implied consent, Google tacitly concedes that implied consent is not a defense to contract claims and that, for this claim, the Order applied the wrong legal standard. *See* Answer at 3, 13 (pivoting to "waiver" arguments and authorities, which did not appear in Google's certification opposition brief). Google glosses over the key differences between implied consent and waiver, mischaracterizing the former as an "umbrella term" that "includes the waiver doctrine." Answer at 13 n.6. Google cites no authority to support that assertion.

Waiver is a much more demanding standard. Google argued below that implied consent is available where "there is a panoply of sources from which [] users could have learned of Google's interceptions," such as "news articles." Dkt. 665 at 12 (quoting *In re Google Inc., Gmail Litig.*, 2014 WL 1102660, *17 (N.D. Cal. Mar. 18, 2014)). But to show waiver, Google would need to do far more. Google would need to prove by "***clear and convincing evidence***" that Class members "***intentional[ly] relinquish[ed]***" their contractual rights, and Google must identify "acts" "that are so inconsistent with an intent to enforce the [contractual] right as to induce a reasonable belief that such right has been relinquished." *Old Republic Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal. App. 4th 666, 678 (2000). Google thought so little of its chance of success on this waiver argument that it did not even plead it in

6

its Answer to the Complaint. Dkt. 531. There is only one reason why Google would now take up this heavy burden: Google knows it led the Order astray into applying the incorrect, and more lenient, implied consent standard.

The Order's application of the wrong legal standard is a "per se abuse of discretion," which alone warrants granting this Petition. *Pulaski*, 802 F.3d at 984. But to be clear, Google cannot bear the much heavier waiver burden. The only "act" Google identifies is a (hypothetical) person continuing to use private browsing mode despite suspecting that Google could be collecting her data. Answer at 16. But "[m]ere silence, acquiescence, or inactivity is insufficient to show a waiver of contract rights when there is no duty to speak or act." 13 Williston on Contracts § 39:35 (4th ed.). In *Williams v. Apple*, Apple likewise claimed that users' continued use of Apple services (after reading "articles" about Apple's conduct) waived their contractual rights. 338 F.R.D. at 645, 648 (N.D. Cal. 2021). The court rejected Apple's argument, holding that this defense could not defeat predominance because "all class members signed a standard form contract." *Id.*

Google's waiver argument is even more doomed here because Google must prove two waivers: one of the contractual promise not to collect private browsing information, and another of the "explicit consent" requirement. "In order to establish that an antiwaiver clause is not enforceable, the party asserting a waiver ***must show a clear intent to waive both the clause and the underlying contract provision***."13 Williston on Contracts § 39:36 (4th ed.). Google does not argue that users *also* waived the "explicit consent" requirement.

7

Finally, contrary to Google's assertion (at 13), Plaintiffs below pointed out that implied consent is not available for breach of contract claims. "[t]he scope of each class member's consent is limited to the terms of th[e] contract" because ***"individualized issues relating to subjective knowledge and consent"* have *"no place where a party manifested consent through the adoption of a form contract*.*"* Dkt. 643-2 at 18. Plaintiffs also pointed out that, for the contract claim, Google would need to show "waiver"—not implied consent. Dkt. 750-2 at 3. Google's mischaracterization of that sentence rings hollow.

### C. The Order Also Erred by Assuming Implied Consent Is Available Where There Is No Way to Stop the Collection at Issue.

The Petition explained that even for the two claims where implied consent is generally available (federal and California wiretap claims), it is unavailable here because class members have no actual choice. Pet. at 12. "Google has not and cannot identify any setting or feature (or combination thereof) that will ***completely block*** Google's collection of that private browsing data." *Id.* at 12. Google's Answer does not argue otherwise, focusing merely on features that might "***restrict***" or "***limit***" the collection without identifying any feature that can "***completely block***" the collection. Answer at 3, 19. And Google never informed users they have no way to stop the data collection at issue.

Plaintiffs are not asking this Court to "declare a brand new principal." Answer at 18. The notion that "consent" requires an informed choice should be uncontroversial, particularly under these circumstances. This is a case where Google (A) contractually promised not to collect private browsing data, (B) contractually

8

promised not to reduce contractual rights without "explicit consent", and yet (C) collected and monetized that data without providing any way for users to opt out. "Consent under [the Federal Wiretap Act] is not to be cavalierly implied." *Watkins v. N. Berry & Co,*, 704 F.2d 577, 581 (11th Cir. 1983). Implying consent in these circumstances eviscerates that principle.

### D.     Other Considerations Warrant Interlocutory Review.

Google's Answer leaves the incorrect impression that Rule 23(f) review is only appropriate when a party meets all three criteria outlined in *Chamberlan*, 402 F.3d at 958. *See* Answer at 8-9. But this Court "view[s] interlocutory review as warranted when the district court's decision is manifestly erroneous." *Id.* at 959. That is sufficient.

In any event, Google is wrong to suggest that the other *Chamberlan* criteria do not apply. Answer at 8-9. While the Rule 23(b)(2) classes will enable Plaintiffs "to test each of their liability theories" (Answer at 8), the Order sounds the "death knell" for many individual users' damages claims. Many of the (at least) "tens of millions" of users whom even Google concedes did not impliedly consent will probably never seek monetary relief for Google's breach of contract. Oct. 11 Tr. 14:11-20. This case has been extremely expensive to litigate, with the parties navigating a complex data process before a Special Master, and Plaintiffs overcoming Google's discovery misconduct, which resulted in sanctions. *See* Dkt. 643-2 at 19, 23. Most users do not have the means to overcome those barriers.

Google is also wrong to suggest that the Order does not implicate an "unsettled and fundamental issue of law relating to class actions." Answer at 8-9.

9

The lesson from this Order is that defendants can effectively evade monetary liability for their bad behavior, even in breach of express contractual promises, so long as some media source reported on the bad behavior. In big cases with lots of class members, there will almost always be rumblings out there, and this Order suggests *third-party* rumblings are all that is required to defeat (b)(3) class certification.

Most tellingly, even months later, Google *still* has no answer to the district court's question, posed during the hearing, about whether there is "any case where there is **evidence proffered of some non-party to a contract that can be used to modify a contract between two parties**." Pet. at 8. There is no such case, let alone one where the contract contained an "explicit consent" requirement.

Finally, this Court should reject Google's argument that the Petition should be denied merely because a party may seek interlocutory review of a subsequent certification order. Answer at 20. If that were the standard, courts would *never* accept these petitions.

### III. CONCLUSION

Plaintiffs ask this Court to grant their Rule 23(f) petition.

Dated: January 10, 2023

*/s/ John A. Yanchunis*
John A. Yanchunis
jyanchunis@forthepeople.com
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

10

David Boies
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
914-749-8200

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
Beko Richardson, CA Bar No. 238027
brichardson@bsfllp.com
Erika Nyborg-Burch
Enyborg-burch@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

James Lee
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307

Amanda K. Bonn, CA Bar No. 270891
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Bill Carmody
bcarmody@susmangodfrey.com
Shawn J. Rabin
srabin@susmangodfrey.com
Steven M. Shepard
sshepard@susmangodfrey.com
Alexander Frawley
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330

Ryan J. McGee
rmcgee@forthepeople.com
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

Michael F. Ram CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913

*Attorneys for Plaintiff-Petitioner*

## STATEMENT OF RELATED CASES

This case is related to *Calhoun v. Google, LLC*, Case No. 22-16993 (9th Cir.); 4:20-cv-05146-YGR (N.D. Cal.).

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. 32(a)(7)(C), 28(f), and Ninth Circuit Rules 32-1 and 5-2(b), because it is proportionally spaced, has a typeface of 14 points or more and contains 2,565 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated: January 10, 2023 /s/ *John A. Yanchunis*
John A. Yanchunis

## CERTIFICATE OF SERVICE

I certify that on January 10, 2023, I electronically filed the foregoing Reply In Support of Petition For Permission To Appeal Pursuant To Rule 23(f) with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that I served the foregoing on this date by email to the following unregistered case participants:

Andrew H. Schapiro
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome
(CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Diane M. Doolittle
(CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Jomaire A. Crawford
jomairecrawford@quinnemanuel.com

15

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Attorneys for Defendant-Respondent, Google, LLC*


DATED: January 10, 2023            */s/ John A. Yanchunis*
                                    John A. Yanchunis
                                    *Attorney for Plaintiffs-Petitioners*